EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Miguel A. Deynes Soto | 2005 TSPR 51 <br><br> 163 DPR \_\_\_\_ |

Número del Caso: CP-1998-17

Fecha: 22 de abril de 2005

 Abogado del Peticionario:

>                Lcdo. Pedro E. Ortiz Abarres
>                Lcda. Brenda A. Vera Miro
>                Lcdo. Alex M. López Pérez
>                Lcdo. Alejandro García Padilla
>                Lcdo. Arquelio Rivera Rodríguez
>                Lcdo. Juan M. Aponte Castro

Oficina del Procurador General:

>                Lcda. Ivonne Casanova Pelosi
>                Procuradora General Auxiliar
>
>                Lcdo. Gustavo A. Gelpi
>                Procurador General
>
>                Minnie H. Rodríguez López
>                Procuradora General Auxiliar

Materia: Conducta Profesional
        (La suspensión será efectiva el 6 de abril de 2005
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Miguel A. Deynes Soto             CP-1998-17      Conducta
                                                 Profesional


RESOLUCIÓN
NUNC PRO TUNC

San Juan, Puerto Rico, a 22 de abril de 2005.

Se enmienda *Nun Pro Tunc* nuestra Opinión de 23 de marzo de 2005, emitida en el caso de epígrafe, para que el último párrafo lea de la siguiente manera:

> "En atención a lo anterior, se suspende inmediatamente por el término de seis (6) meses al Lcdo. Miguel Deynes Soto del ejercicio de la abogacía. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de la notificación de la Sentencia que se adjunta, su cumplimiento con estos deberes, notificando también al Procurador General. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del Lcdo. Deynes Soto y la entregará a la Directora de la Oficina de Inspección de Notarías para la acción correspondiente."

Se enmienda así mismo la Sentencia dictada en igual fecha para que lea:

>"Por los fundamentos antes expuestos en la Opinión Per Curiam que antecede la cual se hace formar parte integra de la presente, se suspende inmediatamente por el término de seis (6) meses al Lcdo. Miguel Deynes Soto del ejercicio de la abogacía. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de la notificación de la Sentencia que se adjunta, su cumplimiento con estos deberes, notificando también al Procurador General. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del Lcdo. Deynes Soto y la entregará a la Directora de la Oficina de Inspección de Notarías para la acción correspondiente.
>
> Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente por los mismos fundamentos expuestos en la Opinión Disidente que emitiera en el caso de *In re: Peña, res. el 27 de marzo de 2001, 153 D.P.R. ____, 2001 TSPR 49.* El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita."

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo